Lisa M. Gomez (LMG 7357)
Cohen, Weiss and Simon LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
------------------------------------------------------------------X
:
PETER McGOURTY, AS CHAIRMAN OF THE           :     DOCUMENT FILED
BOARD OF TRUSTEES OF THE NORTHERN            :     ELECTRONICALLY
NEW JERSEY TEAMSTERS BENEFIT PLAN,           :
                                              :
                           Plaintiff,         :     **COMPLAINT**
                                              :
        - against -                           :
                                              :
TIGER DINASO BUILDING SUPPLY CO., INC.,      :
                                              :
                           Defendant.         :
                                              :
------------------------------------------------------------------X

       Plaintiff Peter McGourty, as Chairman of the Board of Trustees of the Northern New Jersey Teamsters Benefit Plan ( the "NNJ Plan"), with the principal place of business of the NNJ Plan at 810 Belmont Avenue, North Haledon, New Jersey 07508, by his attorneys, Cohen, Weiss and Simon LLP, as and for his complaint against Tiger Dinaso Building Supply Co., Inc. ("Tiger"), with its principal place of business at 520 Industrial Loop, Staten Island, NY 10309, alleges as follows:

       1.     This is an action by a fiduciary of an employee welfare benefit plan for monetary and injunctive relief under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145. This action arises from the failure of defendant Tiger to make contributions to the NNJ Plan as required by ERISA,

the applicable collective bargaining agreements ("CBA") between Tiger and Teamsters Local 11, (the "Union"), and the Amended and Restated Agreement and Declaration of Trust governing the NNJ Plan.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331; Sections 502(a)(3), 502(e)(1), 502(f), and 515 of ERISA; and 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1132(f), and 1145.

3. Venue lies in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b), as Tiger's principal place of business is in this District.

## THE PARTIES

4. Plaintiff is the Chairman of the Board of Trustees of the NNJ Plan and is a "fiduciary" of the NNJ Plan as that term is defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). Plaintiff, along with the other members of the Board of Trustees, has discretion and control over the assets and administration of the NNJ Plan. As Chairman of the Board of Trustees of the NNJ Plan, Plaintiff is authorized to bring this action on its behalf.

5. The NNJ Plan is an "employee benefit plan" as defined in Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and a "multiemployer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained pursuant to an Amended and Restated Agreement and Declaration of Trust (the "Trust Agreement"). The NNJ Plan is jointly administered by a Board of Trustees made up of representatives of employers and employees pursuant to the requirements of Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5).

6. Upon information and belief, Tiger is, and at all times relevant to this action has been, a corporation organized and existing under the laws of the State of New Jersey authorized to do business in the State of New Jersey. At all times relevant to this action, Tiger was an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

7. The CBAs and the Trust Agreement are plan documents within the meaning of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145.

8. The NNJ Plan is a third-party beneficiary of the collective bargaining agreements that require contributions to be made to the NNJ Plan.

## THE COLLECTIVE BARGAINING AGREEMENT

9. At all times relevant to this action, Tiger was a party to CBAs with the Union that established the terms and conditions of employment for all bargaining unit employees of Tiger and required Tiger, *inter alia*, to pay monthly contributions to the NNJ Plan for all employees covered by the CBAs at the rates set forth therein.

10. The CBAs and the Trust Agreement establishing the NNJ Plan are agreements between the Union and various employers within the meaning of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145.

## THE TRUST AGREEMENT

11. Tiger is an "Employer" as defined in the Trust Agreement. Tiger is bound to the terms and provisions of the Trust Agreement by contributing to the NNJ Plan and accepting the NNJ Plan's coverage for its employees.

12. The Trust Agreement requires that Tiger pay contributions on a monthly basis as provided in the CBAs.

13. Under Article XIV, Section 1 of the Trust Agreement, each employer is required to provide to the Trustees "such records and information that the Trustees may require

in connection with the [NNJ Plan] and changes thereto, and in connection with verifying the accuracy of Employer contributions and payment of benefits to Employees."

14. Under Article III, Section 3 of the Trust Agreement, the Trustees have the power to demand, collect, and receive employer contributions and are authorized to take steps, including the institution of legal or administrative proceedings, to collect delinquent contributions. In addition, under Article III, Section 5 of the Trust Agreement, the Trustees of the NNJ Plan may require "the payment of interest upon such delinquencies" and "the payment by the Employer to the [NNJ Plan] of counsel fees, auditing fees and such other costs and expenses incurred, or otherwise incurrable, by the [NNJ Plan] in connection with the recovery of Employer delinquencies."

15. Article III, Section 10 of the Trust Agreement provides that in any suit or proceeding to collect contributions or other payments due to the NNJ Plan, "the Employer shall be liable not only for the contributions or other payments which may be due but for all expenses incurred in the collection thereof including, without limitation, reasonable attorney's fees [and] auditor's fees."

16. Under Article III, Section 14 of the Trust Agreement, an employer who fails to remit contributions by the due date must pay for interest on the unpaid contributions at the rate of twelve percent (12%) per year from the date payment was due to the date payment is made. In addition, the Trust Agreement provides that if the Trustees bring an action on behalf of the NNJ Plan to enforce the Employer's obligation thereunder and a judgment is awarded in favor of the NNJ Plan, the Court "shall award [the NNJ Plan] the unpaid contributions, interest on the unpaid contributions … liquidated damages equal to the greater of the amount of interest on the unpaid contributions or twenty percent (20%) of the unpaid contributions; reasonable

attorney's fees and costs of the action; and such other legal or equitable relief as the court deems appropriate."

## THE DELINQUENT CONTRIBUTIONS

17. Tiger has failed to remit required contributions or to submit remittance report outlining the covered employees on whose behalf contributions are due to the NNJ Plan for the months of July, 2013 through December, 2013.

18. The NNJ Plan, by letters dated November 25, 2013 and December 4, 2013, advised Tiger that it had not submitted remittance reports or contributions for the period July, 2013 through and including November 2013 and demanded payment of the delinquent contributions. Tiger has failed to respond to these requests. The amount of contributions due for the period was $6,277.00. The December 4, 2013 letter indicated that interest would accrue on the unpaid contributions at the rate of 12% per annum.

19. On December 20, 2013, by UPS Overnight Mail, counsel for the NNJ Plan reiterated the demand for payment of the delinquent contributions for July through November 2013, as well as interest at the rate of 12% per annum through the date payment is received. The letter also notified Tiger that the NNJ Plan had terminated benefits for Tiger's covered employee effective October 31, 2013 (subject to reinstatement upon payment of the contributions owed) due to the delinquency and intends to hold Tiger liable for any benefits the NNJ Plan pays for claims by the employee during the period when coverage was extended but no contributions were received. The letter further advised Tiger that in the event payment was not received within five (5) days of the date of the letter, legal action would be commenced to collect the contributions and interest owed and, additionally, liquidated damages in the amount of 20% of the unpaid contributions, attorneys' fees and costs, as provided under Section 502(g)(2) of ERISA and the Plan's Restated Agreement and Declaration of Trust.

20. Upon information and belief, Tiger employed individuals who performed work covered under the CBA until sometime in December, 2013 for which contributions were required under the CBA.

21. Upon information, Tiger continued to adhere to other terms and conditions of the CBA through sometime in December, 2013, such as payment of wages.

22. As of the date of filing of this complaint, the amounts owed remain unpaid and outstanding.

## CAUSE OF ACTION

23. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 20 above.

24. Section 515 of ERISA, 29 U.S.C. § 1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement … [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

25. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), requires that in any action by a fiduciary to enforce Section 515 of ERISA in which judgment is awarded in favor of the plan, "the court shall award the plan—

    (a)    the unpaid contributions,

    (b)    interest on the unpaid contributions,

    (c)    an amount equal to the greater of

        (i)    interest on the unpaid contributions or;

        (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent … of the amount determined by the court to under subparagraph (A),

   (d) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

   (e) such other legal or equitable relief as the court deems appropriate.

  For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan….

26. Tiger has failed to submit remittance reports and make required contributions to the NNJ Plan for the period July, 2013 through December, 2013, in violation of the CBAs and the Trust Agreement.  This constitutes a failure to make contributions in accordance with the terms of the plan documents and is a violation of Section 515 of ERISA, 29 U.S.C. § 1145, thereby giving rise to an action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

27. As a result of this failure, Tiger owes the NNJ Plan $6,277.00 in total unpaid contributions for the period July, 2013 through November, 2013 as well as contributions owed for December, 2013 as set forth in Section 502(g)(2)(A) of ERISA; plus interest at 12% per annum until the date payment is received as set forth in Section 502(g)(2)(B) of ERISA; liquidated damages as set forth in Section 502(g)(2)(C) of ERISA; and all attorney's fees and costs incurred by the NNJ Plan in seeking payment of any and all amounts due as set forth in Sections 502(g)(2)(D) and 502(g)(2)(E) of ERISA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment:

1. Declaring that the CBAs and the Trust Agreement require that Tiger pay the NNJ Plan the contributions, interest and liquidated damages owing for the period July, 2013 through December, 2013, as well as attorney's fees and costs; and

2. Ordering Tiger to pay the NNJ Plan $6,277.00 in unpaid contributions for the period July, 2013 through November, 2013, as well as contributions owed for December,

2013, as required by the CBAs, the Trust Agreement, and ERISA Section 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A); interest on the unpaid contributions at the rate of 12% per annum until the date payment is received, as required by the Trust Agreement and ERISA Section 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B); and liquidated damages as required by the Trust Agreement and ERISA Section 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C); and

      3.      Awarding Plaintiff reasonable attorney's fees and costs of this action pursuant to Sections 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2) and the Trust Agreement; and

      4.      Granting such other and further legal and equitable relief as this Court may deem just and proper.

Dated: New York, New York
       January 7 , 2014

                             By: /s/ Lisa M. Gomez
                                  Lisa M. Gomez (LMG 7357)
                                  COHEN, WEISS AND SIMON LLP
                                  330 West 42nd Street
                                  New York, New York 10036
                                  (212) 563-4100

                                  Attorneys for Plaintiff