UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER MCGOURTY, as Chairman of the Board of Trustees of the Northern New Jersey Teamsters Benefit Plan,<br><br>       Plaintiff,<br><br>  v.<br><br>TIGER DINASO BUILDING SUPPLY CO., INC.,<br><br>       Defendant. | Civ. No. 2:14-0118 (KM) (MAH)<br><br>**DEFAULT JUDGMENT & ORDER** |

  **THIS MATTER** having been opened to the Court by Plaintiff Peter McGourty, as Chairman of the Board of Trustees of the Northern New Jersey Teamsters Benefit Plan ("Benefit Plan"), by a Motion for Default Judgment against Defendant Tiger Dinaso Building Supply Co., Inc., ("Tiger Dinaso") (Docket No. 8), pursuant to Fed. R. Civ. P. 55(b)(2); and the motion being unopposed; and the Court having considered the moving papers and the entire case file; and

  **IT APPEARING** that Defendant was served with the Complaint on February 7, 2014 (Docket No. 4), but did not respond; that the Court has jurisdiction pursuant to 29 U.S.C. §§ 1132 and 1145 ("ERISA"); and that the Clerk entered default as to the Defendant on June 6, 2014; and

  **IT FURTHER APPEARING** that Defendant is an employer who is bound to a Collective Bargaining Agreement and Trust Agreement that require it to make payments to the Benefit Plan for and on behalf of employees employed by Tiger Dinaso (Docket Nos. 1 ¶¶ 9–16); and

  **IT FURTHER APPEARING** that Defendant has failed to remit required contributions or to submit remittance reports outlining the covered employees on whose behalf contributions are due to the Benefit Plan for the months of July 2013 through December 2013 in the sum of $7,543.00 (Docket No. 8-1 ¶2); and

**IT FURTHER APPEARING** that Article III of the Plan Agreement allows for Plaintiff to commence collections actions in this Court to enforce the employer's obligations (Docket Nos. 8-2 ¶ 11; 8-3, Exhibit A ); and

**IT FINALLY APPEARING** that Plaintiffs have submitted sufficient evidence to support its request for relief pursuant to Fed. R. Civ. P. 55(b); and that Plaintiffs have also submitted a reasonable request for attorneys' fees and costs in accordance with the Trust Agreement, see Docket No. 8-1 ¶ 28, and 29 U.S.C. § 1132; and that Plaintiff is entitled to liquidated damages and interest under 29 U.S.C. § 1132; and for good cause shown:

**IT IS** this 9th day of July 2014,

**ORDERED and ADJUDGED** that Plaintiffs' Motion for Default Judgment is **GRANTED** and that Plaintiffs are **GRANTED** a total sum of **$13,287.83** to be collected from Defendant Tiger Dinaso Building Supply Co., Inc., this sum consisting of: (1): $7,543.00 in unpaid contributions; (2) $517.39 in interest at the rate of 12% per annum on all unpaid contributions from the date of accrual to June 1, 2014; (3) $15.20 in interest at a rate of $.40 per day from June 2, 2014 through July 9, 2014, the date of this Default Judgment & Order; (4) $1,508.60 in liquidated damages; and (4) $3,703.64 in attorneys' fees and costs for the prosecution of this case; and it is further

**ORDERED and ADJUDGED** that this Default Judgment & Order shall be without prejudice to the right of Plaintiff to audit Defendant's books and records for any time period and to collect any contributions found to be due and owing as a result of any such audit; and it is finally

**ORDERED and ADJUDGED** that Plaintiff shall serve a copy of this Order on Defendant in person within 10 business days. Plaintiffs shall file proof of such service with the Court.

/s/ Kevin McNulty
**KEVIN MCNULTY**
**United States District Judge**